# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                               Case No. 08-CR-111

DEDRICK L. FLOWERS, et. al.,

      Defendants.

## ORDER

On April 15, 2008, the grand jury returned a single count indictment against Dedrick L. Flowers ("Flowers") and Deandre L. Blair ("Blair") alleging that the pair committed an armed bank robbery in violation of Title 18, United States Code, Section 2113(a) and 2.

On June 13, 2008, Flowers filed a motion to sever his trial from that of his co-defendant, (Docket No. 12), and a motion for disclosure of evidence the government intends to introduce pursuant to Federal Rule of Evidence 404(b), (Docket No. 13). The government has responded, (see Docket Nos. 18 and 19, respectively), and the defendant has chosen not to reply, (see Docket No. 20).

**Disclosure of Rule 404(b) Evidence**

Federal Rule of Evidence imposes a mandatory disclosure obligation upon the government once the defendant requests disclosure. Therefore, although the defendant docketed his request as a motion, no court action is required. The government responded that it acknowledges its obligation to timely disclose its intent to use evidence pursuant to Rule 404(b) and agrees to disclose such information not later than 14 days before trial. (Docket No. 19.) Therefore, the defendant's motion

is moot and shall be denied as such. The defendant's motion shall serve as the request for notice under Rule 404(b).

**Motion for Severance**

Flowers argues that severance is appropriate pursuant to Federal Rule of Criminal Procedure 14 on the basis of prejudicial joinder due to the fact that a Flowers gave a statement inculpating his co-defendant and there exists a "gross disparity in the weight of the evidence against the defendants." (Docket No. 12 at 1.)

As for Flowers' first argument, Flowers relies upon Bruton v. United States, 391 U.S. 123 (1968). Bruton protects a defendant from being forced to undergo a joint trial when a co-defendant's statement inculpating the moving defendant is introduced into evidence. However, Flowers' Bruton argument is backwards. In the present case, it was Flowers, not Flowers' co-defendant Blair, who made a statement to police. A joint trial may present a Bruton issue from Blair's perspective, but in no way is there Bruton issue if Flowers' own statement is used against him at trial.

As for Flowers' second argument for severance, the government responds that there is not a disparity in the evidence between the two defendants; rather, the evidence is "remarkably similar." (Docket No. 18 at 5.)

A simple disparity in the evidence is insufficient to form a basis for severance pursuant to Rule 14; rather, the defendant must demonstrate that he will suffer actual prejudice absent severance. United States v. Caliendo, 910 F.2d 429, 438 (7th Cir. Ill. 1990). "In order to succeed on [a] claim of 'prejudicial spillover,' [a defendant] must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." United States v. Turner, 93 F.3d 276, 284 (7th Cir. 1996). Based upon the summaries of evidence contained in the parties' briefs, (see Docket Nos. 12 at 23; 18 at 5),

there is no indication of any threat of actual prejudice to Flowers in a joint trial with Blair. The evidence related to each of the defendants, although not identical, is, as the government characterized it, "remarkably similar." Therefore, the court shall deny the defendant's motion for severance.

**IT IS THEREFORE ORDERED** that Flowers' motion for disclosure of evidence the government intends to introduce pursuant to Federal Rule of Evidence 404(b), (Docket No. 13), is **denied as moot**.

**IT IS FURTHER ORDERED** that Flowers' motion to sever his trial from that of his co-defendant, (Docket No. 12), is **denied**.

Dated at Milwaukee, Wisconsin this 26th day of June 2008.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge